# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES D. LEWIS, # B-52327,** *et al.*,[1] )<br> )<br>**Plaintiffs,** )<br> )<br>**vs.** )<br> )<br>**SECRET SERVICE,** )<br>**U.S. HOMELAND SECURITY,** )<br>**BRUCE RAUNER,** )<br>**EDWARD SNOWDEN,** )<br>**and UNKNOWN PARTIES,** )<br> )<br>**Defendants.** ) | **Case No. 16-cv-00970-SMY** |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On August 29, 2016, Plaintiff James Lewis filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, against several federal agencies, state officials and other individuals who allegedly ignored his warnings about a perceived threat to national security (Doc. 1, pp. 1-4). In connection with this claim, Plaintiff seeks declaratory judgment and injunctive relief (*id*. at 5).

Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2) that is now before the Court for consideration. He seeks leave to proceed in this matter without prepayment of the Court's usual $350.00[2] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). For the reasons that follow, Plaintiff's IFP Motion shall be **DENIED** and this action **DISMISSED with prejudice**.

---

[1] Although he named several co-plaintiffs in the case caption (Doc. 1), Plaintiff James Lewis is the only individual who signed the Complaint. The Court considers him to be the only Plaintiff involved in this action, and the Clerk will be directed to terminate all other co-plaintiffs as parties in CM/ECF.

[2] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

## IFP Motion

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Plaintiff has tendered an affidavit of indigence that is sufficient as to form, although the Court is still awaiting receipt of a certified trust fund account statement that shows the balance of Plaintiff's trust fund account for the 6-month period immediately preceding the filing of this action.

Regardless, Plaintiff is barred from proceeding IFP by § 1915(g).  Under this statute, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has accumulated more than three "strikes" under § 1915(g).  Review of documents filed on the Public Access to Court Electronic Records ("PACER")[3] website (www.pacer.gov) reveals that Plaintiff "struck out" years ago by filing more than three cases that

---

[3] Court documents are public records, and the Court can take judicial notice of them.  *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

were dismissed as frivolous, malicious or for failure to state a claim.  *See Lewis v. Dart*, No. 10-cv-4247 (N.D. Ill. July 22, 2010); *Lewis v. Alvarez*, No. 10-cv-4540 (N.D. Ill. July 29, 2010); *Lewis v. State of Illinois*, No. 12-cv-1023 (N.D. Ill. June 27, 2012);[4] *Lewis v. Unknown Party*, No. 13-cv-1339 (S.D. Ill. Jan. 22, 2014).  In his IFP Motion and Complaint, Plaintiff failed to disclose his litigation history including the assessment of any "strikes" under § 1915(g).  Even if he had done so, Plaintiff's IFP Motion would be subject to denial.

Plaintiff has not demonstrated that he faces imminent danger of serious physical injury and is therefore unable to clear the 3-strikes hurdle to litigation.  *See* 28 U.S.C. § 1915(g).  The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).  In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."  *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).  "[T]he harm must be imminent or occurring at the time the complaint is filed."  *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff does not describe actual or imminent harm (*see* Doc. 1).  The Complaint instead addresses Plaintiff's perceived threat to national security posed by semi-tractor trailers and gas stations (Doc. 1, p. 4).  Plaintiff alleges that semi-tractor trailers could be hijacked and used as "weapons of mass destruction" (*id.*).  He does not explain how, but indicates that the only way to address this threat is to place security guards at every gas station in the United States (*id.*).  Plaintiff's fear of harm is speculative at best.  It is also unrelated to his immediate physical

---

[4] Plaintiff was advised that this dismissal constituted his third "strike" under 28 U.S.C. § 1915(g).

safety. The allegations support no finding of imminent danger under § 1915(g), let alone an FTCA claim against the defendants. Plaintiff's IFP Motion is therefore **DENIED**.

<u>Sanctions</u>

Under normal circumstances, the denial of an IFP Motion does not preclude a prisoner from litigating his claims. It simply means that he must first pay the entire filing fee of $400.00 for the action before proceeding to the next stage of litigation (*i.e.*, preliminary review of the Complaint under 28 U.S.C. § 1915A). This is not a typical case and sanctions are warranted.

Plaintiff's failure to disclose his litigation history when requesting pauper status is grounds for immediate dismissal of the suit with prejudice. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his 3-strike status committed a fraud upon the court); *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). This sanction should come as no surprise to Plaintiff.

Prior to filing this action, Plaintiff was repeatedly warned that failure to disclose his litigation history, including strikes, would result in the imposition of sanctions that include dismissal with prejudice. *See, e.g. Lewis v. Godinez*, 13-cv-1439 (C.D. Ill. Oct. 21, 2013) (plaintiff was admonished that he must inform courts that he has accumulated at least three § 1915(g) dismissals when seeking to proceed IFP in an action brought in federal court); *Lewis v. Unknown Parties*, No. 13-cv-1339-MJR (S.D. Ill. January 22, 2014) (plaintiff warned that failure

to disclose litigation history is grounds for dismissal of action).  Plaintiff flagrantly disregarded these warnings.

This year, alone, Plaintiff filed at least nine other actions in the Northern District of Illinois that were dismissed with prejudice as a sanction for failing to disclose his litigation history.  *See Lewis v. United States*, No. 16-cv-50085 (N.D. Ill. April 29, 2016) (Doc. 3); *Lewis v. State of Illinois*, No. 16-cv-50090 (N.D. Ill. April 29, 2016) (Doc. 4); *Lewis v. Baldwin*, No. 16-cv-50108 (N.D. Ill. April 29, 2016) (Doc. 3); *Lewis v. Rauner*, No. 16-cv-50109 (N.D. Ill. May 9, 2016) (Doc. 4); *Lewis v. John and Jane Doe's*, No. 16-cv-50125 (N.D. Ill. May 19, 2016) (Doc. 4); *Lewis v. State of Illinois*, No. 16-cv-50126 (N.D. Ill. May 10, 2016) (Doc. 4); *Lewis v. John and Jane Doe's*, No. 16-cv-50127 (N.D. Ill. June 2, 2016) (Doc. 4); *Lewis v. F.B.I.*, No. 16-cv-50131 (N.D. Ill. June 2, 2016) (Doc. 4); *Lewis v. Does*, No. 16-cv-50132 (N.D. Ill. June 2, 2016) (Doc. 4).  In each of the Dismissal Orders, Plaintiff received the following admonishment:

> Plaintiff has been advised several times of his need to inform courts of his accumulation of three § 1915(g) dismissals.  Yet he continues to file suits without providing this information.  As opposed to informing the court about his cases (even those filed this year), plaintiff instead provides his identification numbers and directs the court to search for his prior cases.  A litigant's failure to inform a court that he has received at least three dismissals under § 1915(g) is considered a fraud on the court which warrants "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).  Also considered a fraud upon the court warranting dismissal is the failure to give a complete litigation history as instructed in the court's form complaint.  *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011).  Plaintiff's direction to this court to look for his prior cases satisfies neither *Hoskins* nor *Sloan*.  Even if he cannot refer to his prior suits by their names and case numbers, he could at least inform the court of some of them, claims he previously raised, and the fact that he has obtained three § 1915(g) dismissals.

*See, e.g., Lewis v. Does*, No. 16-cv-50132 (N.D. Ill. June 2, 2016) (Doc. 4).

Plaintiff received this warning **nine times in thirty-five days** between April 29, 2016 and June 2, 2016 (*id*.).  He then prepared the instant Complaint (Doc. 1) and engaged in the same conduct.  Once again, Plaintiff omitted his litigation history along with any mention of his "strikes" under § 1915(g).  The standard civil rights complaint form that Plaintiff used to prepare this action clearly requires disclosure of his prior lawsuits (Doc. 1, p. 3).  The form explicitly states, "If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper . . . . <u>Failure to comply with this provision may result in summary denial of your complaint</u>" (*id*.) (emphasis in original).  Plaintiff's failure to disclose this information constitutes a fraud on the Court and warrants immediate dismissal of this action with prejudice.

Given Plaintiff's long history of engaging in this same conduct in this District and others, the Court concludes that additional sanctions are necessary to deter him.  The Seventh Circuit has indicated that a filing bar is an appropriate solution when a prisoner becomes ineligible to continue litigating under § 1915(g) and continues to file suits without paying the necessary filing fee.  *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan*, 181 F.3d at 859 ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").  *See also Ammons*, 547 F.3d at 726 ("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid.").

In this District, Plaintiff was warned about a filing ban when he failed to disclose his litigation history in *Lewis v. Unknown Parties*, No. 13-cv-1339-MJR (S.D. Ill. January 22, 2014) (Doc. 5, p. 12) (citing *Mack*, 45 F.3d 185) ("Plaintiff is **ADVISED** that the Court of Appeals for the Seventh Circuit has clearly instructed that when a prisoner who is ineligible to continue litigating under § 1915(g) continues to file suits without paying the necessary filing fee, a filing bar is an appropriate solution.")).   Plaintiff has clearly chosen to ignore this warning. His persistent abuse of scarce judicial resources warrants the imposition of a filing ban at this time.

Additionally, the Court notes that Plaintiff has racked up substantial unpaid filing fees in this District.   Prior to filing the instant action, he incurred a total filing fee obligation of $1,205.00.[5]   To date, Plaintiff has paid only $252.41 toward these fees.[6]   His unpaid balance totaled $952.59 before he incurred an additional $400.00 filing fee obligation for this action.[7] He now owes this Court $1,352.59.

Plaintiff remains undeterred by the sanctions that have been imposed to date.   He was warned that future attempts to waste judicial resources would result in the imposition of sanctions that include a filing ban.   *See Lewis v. Unknown Parties*, No. 13-cv-1339-MJR (S.D. Ill. January 22, 2014) (Doc. 4, p. 12).   He did not heed the Court's warning.   Therefore, until such time as all outstanding filing fees are paid, Plaintiff will be restricted from filing any further actions in this District.

---

[5] Plaintiff originally owed the following filing fees for actions filed in this District: $400.00 in *Lewis v. Funk*, No. 13-cv-546-MJR; $455.00 in his related appeal, *Lewis v. Funk*, App. No. 13-2923; and $350.00 in *Lewis v. Unknown Party*, No. 13-cv-1339-MJR.
[6] He has paid the following amounts toward each of these filing fees: $87.18 in *Lewis v. Funk*, No. 13-cv-546-MJR; $83.65 in the related appeal, *Lewis v. Funk*, App. No. 13-2923; and $81.58 in *Lewis v. Unknown Party*, No. 13-cv-1339-MJR.
[7] Plaintiff still owes the following amounts in each of these cases: $312.82 in *Lewis v. Funk*, No. 13-cv-546-MJR; $371.35 in the related appeal, *Lewis v. Funk*, App. No. 13-2923; and $268.42 in *Lewis v. Unknown Party*, No. 13-cv-1339-MJR.

**Disposition**

The Clerk is **DIRECTED** to **TERMINATE** the following individuals as Plaintiffs in this action: **F.B.I., BARACK OBAMA, HILLARY CLINTON,** and **TED CRUZ**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice as a sanction against Plaintiff for failing to disclose his litigation history to the Court, including the assessment of any "strikes" under the provisions of 28 U.S.C. § 1915(g). This dismissal shall **NOT** count as another "strike" under § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**Filing Restriction**

**IT IS FURTHER ORDERED** that Plaintiff James D. Lewis, # B-52327, is hereby **RESTRICTED** from filing any new civil actions in this Court until such time as his outstanding filing fees of **$1,352.59** have been paid in full; this amount includes the $400.00 filing fee for this action. This filing restriction does not extend to a Notice of Appeal from this Order (which shall result in the imposition of an additional $505.00 filing/docketing fee), to the filing of any Petition for a Writ of Habeas Corpus, or to pleadings filed as a defendant in another criminal or civil case. *See Mack*, 45 F.3d 183; *Newlin*, 123 F.3d 429. In accordance with this precedent, Plaintiff may seek modification or rescission of this Order, by filing a motion in this Court *no earlier* than two years from the date of entry of this Order, assuming that he fails to pay the balance of his filing fees within that 2-year time period. Any papers submitted to the Court by Plaintiff while this filing restriction is in place must be accompanied by a copy of this Order.

Should Plaintiff attempt to file any new civil action in this Court, the Clerk of Court is **DIRECTED** to return any documents submitted in violation of this Order to the Plaintiff unfiled.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff's address of record in this case.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall **REMIT** the $400.00 filing fee for this action from Plaintiff's prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prisoner trust fund account (including all deposits to the inmate account from any source) until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. In addition, Plaintiff shall note that the filing fees for multiple cases accumulate. *See Newlin*, 123 F.3d at 436; *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). A prisoner who files one suit must remit 20% of his monthly income to the Clerk of Court until his fees have been paid; a prisoner who files a second suit or appeal must remit 40%; and so on. *Newlin*, 123 F.3d at 436. "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id*. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249 East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Dixon Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal this dismissal, his Notice of Appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A Motion for Leave to Appeal *In Forma Pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons*, 547 F.3d at 725-26; *Sloan*, 181 F.3d at 858-59; *Lucien*, 133 F.3d at 467.  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuous obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing not later than seven (7) days after a change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 11, 2016**

s/ STACI M. YANDLE
United States District Judge